JOSEPH SIBBEL STUDIO *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided July 25, 1938)

*Myron A. Maged* for the plaintiff.
*Joseph R. Jackson*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

KEEFE, Judge: In this case a travertine block of stone, used as a floor of a sanctuary of a church, was imported in a single shipment with

---

[1] O. D. 19.

a marble altar, a predella and credence table. The altar and predella were admitted free of duty as altars under paragraph 1774, Tariff Act of 1930. Duty was assessed at the appropriate rates upon the credence table and the travertine floor. Plaintiff here protests that the stone floor and credence table are also entitled to free entry as parts of altars. The claim, however, as to the credence table was abandoned at the trial.

The plaintiff sought to prove at the trial that the travertine floor was nothing more than one of the steps of the predella; that the predella, as part of the altar, consisted of two steps instead of one only; and that the floor was merely a wide step, and therefore a part of the altar.

The evidence, however, discloses that the travertine floor covers the entire sanctuary of the church and extends not only under the altar and predella but also under the credence table. The travertine stone floor in fact is the platform or floor of the sanctuary upon which the priests stand or walk before ascending the predella to the altar, and is also used in connection with the credence table and side altars. Such a structure can not be regarded merely as a step used to ascend to the altar. In the ordinary meaning a step is defined in Webster's New International Dictionary as:

A rest, or one of a set of rests, for the foot in ascending or descending, as a stair.

On the other hand a floor is defined as:

The bottom or lower part of any room; the part upon which we stand and upon which the movables in the room are supported; * * * the surface, or the platform, of a structure on which to walk or travel.

Clearly the floor in question comes directly within the latter definition. The altar, without question, might have rested directly upon the wooden floor upon which the travertine floor rests and as thus located would be complete for use as an altar.

This court has held that a marble wainscoting designed so as to be in harmony with an altar and used upon each side thereof was not a part of an altar. See *Angelo Lualdi* v. *United States*, T. D. 46863. Also *Daprato Statuary Co.* v. *United States*, T. D. 49225, where it was held that a reredos when separated from the altar by 26 inches, even though used to contain a "niche" in which the monstrance is placed, does not constitute pieces, fractions, segments, or sections of an altar, such as would entitle it to free entry under the provisions of paragraph 1774.

The travertine floor in question is held to be properly dutiable as assessed by the collector. Judgment will be entered in favor of the defendant.